# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **DELILAH HOOD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:25-CV-122 |
| | ) |
| **NEUROPSYCHIATRIC HOSPITAL OF INDIANAPOLIS, LLC,** | ) ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Delilah Hood ("Hood"), brings claims against Neuropsychiatric Hospital of Indianapolis, LLC ("Defendant"), and states as follows:

## OVERVIEW

1. This Complaint arises under Title VII of the Civil Rights Act of 1964 and Section 1981. Hood contends that she was discriminated against because of her race, African American, in violation of federal law.

## PARTIES

2. Hood is an individual who, at all relevant times, lived in Indianapolis, Indiana. She was an employee as defined by 42 U.S.C. §2000e(f).

3. Defendant has a facility in Indianapolis, Indiana and is an employer as defined by 42 U.S.C. §2000e(b). Hood worked at this facility.

## JURISDICTION

4. This Court has jurisdiction over Defendant pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331.

## VENUE

5. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Southern District of Indiana.

## FACTS

6. Hood, an African American, was employed as a Midwest Director of Care Management in January 2022.

7. Hood met or exceeded Defendant's performance expectations.

8. In early October 2022, Defendant demoted Hood to the position of Utilization Review Director and reduced her pay.

9. Defendant asserted that it was reducing its corporate staff. However, Hood learned that Defendant promoted a non-African American nurse to her prior position that wasn't eliminated at all.

10. Moreover, Defendant offered Hood no support or training to succeed in this new position.

11. Remaining in her managerial position was necessary for her continued participation in a master studies program.

12. As a result of being removed from her position and placed in a position where she could not be successful, Hood began to suffer serious health concerns. Her blood pressure increased as did the risk of Hood suffering a stroke.

13. As a result, Hood was constructively discharged.

14. Hood has suffered financial harm as a result of Defendant's conduct.

## LEGAL COUNT

### COUNT I: DISCRIMINATION

15. Hood incorporates paragraphs 1 – 14 herein.

16. Hood was removed from her position and replaced with a Caucasian female.

17. Moreover, Hood suffered a pay cut and was placed in a position that required training she was not provided.

18. Hood was constructively discharged.

19. Hood was harmed by Defendant's unlawful willful and/or reckless conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order awarding Plaintiff lost income and other damages, including compensatory damages, as provided for by federal law;

b. An Order awarding Plaintiff punitive damages as provided for by federal law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500

        Indianapolis, IN  46240
        Tel: (317) 500-0700
        Fax: (317) 342-2799
        E-Mail:   indy2buck@hotmail.com

        Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        /s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)
        The Wolcott Law Firm LLC
        450 East 96th Street, Ste 500
        Indianapolis, IN  46240
        Tel: (317) 500-0700
        Fax: (317) 342-2799
        E-Mail:   indy2buck@hotmail.com

        Attorney for Plaintiff